# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DEVIN JEZAIR RILEY,

        Petitioner,

   v.

DIRECTOR TOM CHRISTIANSON, et al.,

        Respondents.

Case No. 2:18-cv-02443-APG-CWH

**ORDER**

Petitioner Devin Riley is a Nevada state inmate. He filed a *pro se* habeas petition under 28 U.S.C. § 2254. I have conducted a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition will be dismissed on several grounds.

First, Riley has not properly commenced this action by either paying the filing fee or submitting a complete application for leave to proceed *in forma pauperis* with all required attachments. LSR 1-1 & 1-2.

Second, under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *See*, *e.g.*, *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). Riley admits that he has never presented his claims to the state courts. The petition is therefore unexhausted in its entirety.

Finally, the petition does not state a claim that is cognizable in habeas. A claim is cognizable under 28 U.S.C. § 2254 only if it falls within the "core" of habeas. Where success on a petitioner's habeas claim would not necessarily lead to his immediate or earlier release from

custody, the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016). Such claims must be brought, "if at all," under 42 U.S.C. § 1983. *Id.* at 931.

In *Nettles*, a prison inmate serving an indeterminate life sentence with the possibility of parole was found guilty of a disciplinary infraction and, as a result, had 30 days of good time credit revoked. 830 F.3d at 927. The inmate filed a habeas petition in federal district court seeking restoration of the loss of good time credits and expungement of the rule violation report. *Id.* The Ninth Circuit held that the district court lacked jurisdiction over the inmate's claim because expunging his rules violation report "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." *Id.* at 934–35. Although a rule violation is relevant to whether a prisoner is suitable for parole, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." *Id.* Accordingly, the Ninth Circuit held that the inmate's challenge to the rules violation report did not lie "at the core of habeas." *Id.*

In his petition, Riley asserts that credits are not being applied to his minimum parole eligibility date. ECF No. 1 at 3. Success on this claim would mean only an earlier parole hearing. But an earlier parole hearing will not necessarily lead to Riley's immediate or speedier release, as whether he will be granted parole lies in the discretion of the parole board. *Wydeven v. Warden, Lovelock Corr. Ctr.*, 238 P.3d 867 (Nev. 2008) (citing Nev. Rev. Stat. § 213.1099(2)) ("The decision of whether or not to grant parole lies within the discretion of the parole board and the creation of standards does not restrict the Parole Board's discretion to grant or deny parole."). As success on Riley's claims would not necessarily lead to his immediate or speedier release,

they do not fall in the "core" of habeas and must be brought, if at all, under 42 U.S.C. § 1983. *See Rouser v. Sullivan*, 2019 WL 1934483, at *2 (E.D. Cal. May 1, 2019); *Stanhope v. Ryan*, 2017 WL 1163303, at *8 (D. Ariz. Mar. 29, 2017); *Gordon v. Premo*, 757 Fed. App'x 627, 628 (9th Cir. 2019) (unpublished disposition).

IT IS THEREFORE ORDERED that the petition in this action is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Riley is DENIED a certificate of appealability because jurists of reason would not find the dismissal of this action on the grounds set forth above to be debatable or wrong.

The Clerk of Court will enter final judgment accordingly and close this case. The Clerk will also send Riley two copies each of the inmate pauper application and form for 42 U.S.C. § 1983 complaints.

Dated: July 19, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE